UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
MICHAEL SHEARD,

                              Petitioner,

        -against-

SUPERINTENDENT JAMES CONWAY,

                              Respondent.
-------------------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 15 2012 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

09-CV-3603 (SLT) (LB)

**TOWNES, United States District Judge:**

Petitioner Michael Sheard ("Petitioner"), proceeding *pro se*, brings a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner raised five grounds in his petition: (1) the police officer's second pat-down of him was unlawful; (2) the show-up identification should have been suppressed; (3) a conflict of interest existed between his former counsel and his trial counsel; (4) the prosecutor engaged in various instances of misconduct during his summation; and (5) ineffective assistance of counsel. By order dated December 4, 2009, this court referred the petition to Magistrate Judge Lois Bloom ("Judge Bloom") for a Report and Recommendation. In a report and recommendation dated July 16, 2010 and attached hereto (the "R&R"), Judge Bloom recommended that the petition for a writ of habeas corpus be denied. Petitioner objected to the R&R, asserting that contrary to Judge Bloom's findings: (1) the show-up identification should have been suppressed; (2) the prosecutor engaged in misconduct during his summation; and (3) his trial counsel was ineffective. For the reasons set forth below, the court adopts the R&R in its entirety and denies the petition.

I. BACKGROUND

The Court presumes familiarity with the factual background in this matter, as detailed in the R&R.

II. DISCUSSION

In light of Petitioner's *pro se* status, this court reads his submission liberally. In reviewing Petitioner's objections, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). After performing this inquiry, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where no objection has been filed, however, the district court "need only satisfy itself that there is no clear error on the face of the record."[1] *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001).

A. The Show-Up Identification

Petitioner first argues that the identification of him in the show-up should have been suppressed because certain trial testimony was contradicted by testimony provided during the suppression hearing. In his memorandum of law, the Superintendent argued that this claim may not be reviewed because the Appellate Division found it unpreserved and, as Judge Bloom noted in the R&R, under New York law, "where the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling." *People v. Diaz*, 194 A.D.2d 688, 689 (2d Dep't 1993). As Petitioner did not move to reopen his *Wade* hearing pursuant to N.Y.C.P.L. § 710.40(4), Judge Bloom properly found that the issue was not preserved for appellate review and that the Appellate

---

[1] Petitioner did not object to Judge Bloom's findings in the R&R regarding his Fourth Amendment claim of unlawful search and seizure or his counsels' alleged conflict of interest and, having reviewed the record for clear error, the court has found none.

2

Division's decision was based on an independent and adequate state law ground. (*See* R&R at 11); *see also People v. Feinsod*, 278 A.D.2d 335, 336 (2d Dep't 2000) (denying the appeal of a pretrial suppression hearing as unpreserved because defendant failed to move to reopen the hearing at the time the conflicting testimony was given). Thus, Petitioner was procedurally barred from raising the issue here, absent "cause and prejudice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). Petitioner does not mention this procedural issue in his objections to Judge Bloom's R&R, much less address how he has established cause, and instead asserts only why the show-up identification should be suppressed. Given that Petitioner has failed to demonstrate "cause" that would permit him to overcome the procedural bar, the court does not reach the merits of his claim regarding suppression of the identity information.

B. Prosecutorial Misconduct

Petitioner also objects to Judge Bloom's finding that the prosecutor did not engage in misconduct during summation. Specifically, Petitioner argues that the prosecutor misled the jury about the testimony of Michelle Lake. Lake had been the driver of the vehicle police believed to be the get-away-car and in which Petitioner had been a passenger. She later served as a witness for the prosecution. Petitioner argues that the prosecution misled the jury by stating that Lake could be trusted because she had not made a deal with the prosecution, even though she had in fact struck a deal.

"It is clear, of course, that it is improper for a prosecutor to mischaracterize the evidence

3

or refer in summation to facts not in evidence." *U.S. v. Rosa*, 17 F.3d 1531, 1548-49 (2d Cir. 1994). The court finds, however, that Petitioner has merely misconstrued the record. During summation, the prosecutor stated that "[Petitioner's defense attorney] said you can't trust Michelle Lake, she's getting a deal. [The defense attorney] even said [Lake] is getting away with nothing, that she is not going to jail, that she is getting a misdemeanor." (Trial Transcript at 431.) The prosecutor clarified, however, that despite any deal between Lake and the prosecution, "there's been no promise that has been made to her, she said she hopes she gets no jail." (Id.) The prosecutor then asked the jury to "read through the agreement," and explained it as follows: "Michelle Lake understands that the actual sentence imposed is entirely in the discretion of the sentencing judge. It ain't up to me, it's up to the sentencing judge as to what she gets." (Id.) Petitioner appears to take issue with these statements because the prosecutor stated he made no deal with Lake regarding the sentence that would ultimately be imposed, which he did not, and because the prosecutor indicated that her sentence was in the discretion of the sentencing judge, which it was. Given that Petitioner has not pointed to anything inaccurate or misleading in the prosecutor's summation, the court rejects this objection as well.

### C. Ineffective Assistance of Counsel

Petitioner objects to Judge Bloom's conclusion that his counsel was not ineffective. More specifically, Petitioner asserts that his counsel was ineffective by failing to investigate and introduce certain testimony and documents into evidence at his trial and by failing to file a memorandum of law explaining why the government's actions were illegal and the identity information should have been suppressed.

To demonstrate ineffective assistance of counsel, a petitioner must show that (1) his attorney's representation "fell below an objective standard of reasonableness," and (2) "that

4

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In analyzing these claims, the court's assessment of counsel's performance must be "highly deferential. *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Here, Petitioner argues that his former counsel provided ineffective assistance by (1) deciding not to hire a private investigator, (2) deciding not to take photographs of the crime scene, (3) deciding not to introduce certain medical reports and/or testimony from his treating physician, and (4) deciding against the filing of a memorandum of law at the conclusion of the suppression hearing indicating why the identity information should have been suppressed. However, the decisions Petitioner now complains of are normally deemed "tactical" and are committed to counsel's judgment. *See United States v. Smith*, 198 F.3d 377, 386 (2d Cir.1999) (noting that a counsel's decision not to challenge the admissibility of particular items of evidence, as well as whether or not to offer particular items of evidence, were tactical decisions committed to the judgment of trial counsel's judgment); *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) ("[C]ounsel's decision as to whether to call specific witnesses -- even ones that might offer exculpatory evidence -- is ordinarily not viewed as a lapse in professional representation.") (internal quotation marks omitted). Moreover, at no point does Petitioner explain what hiring a private investigator would have accomplished, what exculpatory information might be contained in his medical reports, or how photographs of the crime scene would have undermined his guilt nor has he shown that any of counsel's judgments were unreasonable.

Petitioner further argues that his trial counsel provided ineffective assistance by deciding

not to question the victim at trial about his identity. Essentially, Petitioner contends that his counsel should have introduced certain testimony from the suppression hearing to establish that the victim "never did . . . identify race or height, weight, eyes, nose [of the perpetrator]." (Petitioner's Objections to the R&R at 5.) In fact, however, the victim testified that although the perpetrator wore a mask that covered most of his face, he was able to identify him because he had been able to see Petitioner's nose and eyes. (Hearing Transcript at 32.) Moreover, the victim noted that he was able to identify Petitioner because he had observed that the perpetrator had been "approximately 6 feet," "skinny," and wearing "black jacket, gray pant, gray sneaker, and something in the backside jacket . . . red color." (Id. at 8-9, 15.) The victim further indicated that he recognized Petitioner by his walk. (Id. at 15.) Petitioner cannot, therefore, demonstrate ineffective assistance of counsel on this basis.

Moreover, to the extent Petitioner argues that his trial counsel was ineffective because she generally failed to object, Petitioner does not identify any instances where he believes his counsel should have objected but failed to do so. In any event, Judge Bloom, in the R&R, noted one instance where the trial court essentially prompted defendant's counsel to object, but Petitioner's trial counsel then did so, the comments were stricken, and the jury was instructed to disregard them. (R&R at 21; Trial Transcript at 97.) The court therefore denies Petitioner's claim of ineffective assistance on these grounds as well.

Finally, Petitioner argues that both his hearing counsel's and trial counsel's performances were deficient, respectively, at the suppression hearing and at trial because had they performed effectively the court would have suppressed the identity information and/or he would have been acquitted or his case dismissed. The court disagrees as such results-oriented analysis is of course inappropriate in this context. *See Strickland*, 466 U.S. at 694 (cautioning that fair assessments of attorney performance require "that every effort be made to eliminate

the distorting effects of hindsight."). Petitioner has therefore failed to demonstrate that his counsel's performance rises to the level of ineffective assistance.

### III. CONCLUSION

For the reasons stated above, the court agrees with Judge Bloom's conclusions and adopts the R&R in its entirety. Accordingly, the petition for a writ of habeas corpus (Document No. 1) is denied. No certificate of appealability is granted as Petitioner has made no substantial showing of the denial of a constitutional right. The Clerk of Court is directed to enter judgment denying the petition and closing this case.

SO ORDERED.

/ SANDRA L. TOWNES
United States District Judge

Dated: November 13, 2012
Brooklyn, New York

7